DAY v. CARY. See Case No. 5,562.
DAY (DOUGHTY v.). See Case No. 4,026.

## Case No. 3,677.

DAY et al. v. EMERSON et al.

[5 Biss. 56.][1]

Circuit Court, D. Wisconsin. Aug. Term, 1858.

MONEY IN MARSHAL'S HANDS.

Where the marshal has money in his hands, the balance of proceeds of sale of property claimed by a party other than the execution debtor, and to recover which such party has brought suit against him, the court will not order him to pay the money into court pending such suit, there being no proof of collusion or danger of loss.

[This was a bill in equity by Calvin Day and others against Francis Emerson and others.]

MILLER, District Judge. In this bill, Charles Windt is made a party defendant. He is alleged to have money in his hands which should be applied as the funds of the judgment debtors, Francis Emerson and Charles F. Foster, to the payment of these complainants' debts and set out in this judgment creditors' bill. Windt filed his answer, in which he states that, as deputy marshal, he levied on goods by virtue of an execution against these defendants, which were claimed by Simon P. Candee, and he sold the same under said execution; and after paying off that execution out of the proceeds of sale, there remained in his hands a surplus of $538. He also states that Candee brought suit against him for taking said goods, which suit

is still pending. And he prays that he may be permitted to retain the money until the final determination of the suit. The complainants have moved verbally, for an order that Windt deposit that money in court to await the final disposition of the suit. There is no allegation that the funds are not safe in Windt's hands, supported by affidavit, nor is it alleged that notice of this motion was served on him. Primarily, he should be entitled to retain it, as in the event of that suit being determined against him, he would be obliged to pay back to Candee this money. Candee would in that event have the first and paramount right to the money, with interest. If this court were to order the money deposited here, Windt would be deprived of making interest out of it during the pendency of that suit. We have no evidence of collusion between Candee and Windt in regard of that suit, or that it is delayed for Windt's benefit in retaining the money in his hands; nor that Windt is not responsible for it on a final decree in this court against him.

The application cannot be considered in its present shape.

## Case No. 3,678.

DAY v. GOODYEAR.

REISSUE OF PATENTS—REVIEW OF COMMISSIONER'S ACTION—INJUNCTION AGAINST ACTION AT LAW—WHEN ISSUED.

1. The action of the commissioner of patents in the reissue of letters patent is not re-examinable elsewhere. unless a clear case of fraud is made out.

[Cited in Hussey v. Bradley, Case No. 6,946.]

2. A suit in equity to obtain an injunction to restrain proceedings in an action at law will not be sustained when the allegations set up a defence, as fraud, which is a proper case for the consideration of a jury, and when the facts charged are met and denied by the defendant, such denial being sufficient to prevent the issuing of an injunction.

3. The surrender of Goodyear's original patent for vulcanized rubber. of June 15th, 1844, and the reissued patent, December 25th, 1849. was legal, and the reissued patent is not void upon its face.

Before GRIER, Circuit Justice.

[NOTE. Cited in Law, Pat. Dig. 265, 548, 617, to the points stated as above. Nowhere more fully reported; opinion not now accessible.]

DAY (GOODYEAR v.). See Cases Nos. 5,556–5,560.